U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 2 3 2006

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| RUTH MILLER MANUEL<br>JOHNNY MANUEL<br>CRAIG MANUEL | CIVIL ACTION NO. 05-1291 |
| VS. | JUDGE HAIK |
| UNION PACIFIC RAILROAD CO. | MAGISTRATE JUDGE METHVIN |

## JURISDICTIONAL REVIEW RULING

Before the court is defendant Union Pacific Railroad Company's "Memorandum in Response to Order Requiring Submission on Jurisdictional Amount," filed pursuant to this court's order of January 12, 2006.[1] Having reviewed defendant's memorandum and the exhibits attached thereto, I conclude that defendant has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000 by setting forth the specific facts in controversy that support a finding of the jurisdictional amount. Simon v. Wal Mart Stores, 193 F.3d 848 (5th Cir. 1999); Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

Plaintiff Ruth Miller Manuel alleges that on May 27, 2000, a Union Pacific train derailed near her property, releasing hazardous substances and contaminating the ground and air. Manuel alleges that she entered into a lease agreement with Union Pacific, allowing Union Pacific to use her property to stage, store, and remove wreckage from the trail derailment.[2] The lease provided that Union Pacific had to restore Manuel's property "to the condition it was in prior to the incident [i.e. derailment of May 27, 2000]."[3] Plaintiffs assert that Union Pacific did not restore the property and, therefore, plaintiffs are entitled to recover those expenses.

---

[1] Rec. Doc. 29.

[2] Plaintiffs Johnny and Craig Manuel are Ruth Manuel's children and own property adjacent to her property and claim to be third party beneficiaries under the contract.

[3] Rec. Doc. 1.

2

In its memorandum, Union Pacific states that it has not yet received plaintiffs' expert report, so it does not know what plaintiffs allege their restoration costs to be. Nor does Union Pacific identify the value of the property at issue. However, Union Pacific contends that the amount of attorney's fees incurred in the litigation, in addition to the costs of restoration when determined, exceed $75,000.00. Given that the parcel of land in question is a 25-acre tract, and that the damage to the property is alleged to include contaminated soil, water and air throughout the area, the undersigned agrees. See, e.g., Foret v. Southern Farm Bureau Life Ins. Co., 918 F.2d 534, 536 (5th Cir.1990) ("[A]ttorney's fees may be included in determining the jurisdictional amount."). Therefore, the undersigned concludes that the jurisdictional amount is satisfied in this case.

Signed at Lafayette, Louisiana on February 23rd, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140      FAX 593-5155